IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BRENTZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO:<br>) 25-cv-472<br>) JURY DEMAND |
| HEALTH CONNECT AMERICA, INC., | ) |
| Defendant. | ) |

# COMPLAINT

Comes now Plaintiff, Kathryn Brentz, by and through her attorneys of record, and for her Complaint against Defendant, Health Connect America, Inc., states the following:

## PRELIMINARY STATEMENT

1. Plaintiff, a former employee of Defendant, is bringing this action to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981 and 42 U.S.C. §1981a, which provide for relief against race discrimination in employment.

2. This is also an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation

1

of rights secured through The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (hereinafter "ADEA") which provide for relief against discrimination in employment based on age discrimination.

3. Plaintiff seeks injunctive relief, equitable relief, compensatory, punitive, and liquidated damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

4. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §20000e, *et seq.*, as amended by the Civil Rights Act of 1991, ("Title VII"), 42 U.S.C. §1981, 42 U.S.C. §1981a. and the ADEA, 29 U.S.C. §621 *et seq.*

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

6. This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b). A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Mobile County, and the parties reside in this District. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

7. Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §§1331 and 1343(4), and the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff timely filed her charge of race and age discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act. Plaintiff has filed her race and age discrimination case within four (4) years of the discriminatory/retaliatory treatment and within ninety (90) days of the receipt of her Notice of Right to Sue (Conciliation Failure) from the EEOC dated August 29, 2025.

8. On July 29, 2025, the EEOC issued a Letter of Determination finding, in part, "the evidence reveals that [Plaintiff] was laid off due to her race" and "there is reasonable cause to believe [Defendant] discriminated against [Plaintiff] due to her race when it subjected her to a layoff as the only office employee of her race despite having lengthier tenure than other similarly situated employees and reportedly conducted the layoff for financial reasons despite hiring a significant number of employees during the same time period, to include the location where [Plaintiff] worked."

9. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## PARTIES

10. Plaintiff, Kathryn Brentz (hereinafter "Brentz" or "Plaintiff") is a

Caucasian female citizen of the United States and a resident of Escatawpa, Mississippi. During her employment with Defendant, Plaintiff was over the age of forty (40).

11. At all relevant times to this action, Plaintiff was employed by Defendant at its Mobile, Alabama location.

12. Defendant, Health Connect America, Inc. (hereinafter "Health Connect" or "Defendant") is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Alabama. Upon information and belief, Defendant employed over 500 employees all times relevant to this lawsuit and continues to employ over 500 employees.

13. Health Connect America provides mental and behavioral health services to children, families, and adults across multiple states. The offices are strategically located in the Southeastern U.S. with facilities in the states of Mississippi, Tennessee, Alabama, Virginia, North Carolina, South Carolina, Florida, Maryland and Georgia.

14. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.*, as amended.

15. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the ADEA, 29 U.S.C. §621 *et seq.*

## **FACTUAL ALLEGATIONS**

16.	On or about March 14, 2021, Plaintiff began her employment with Defendant as an Office Manager. Plaintiff was hired to work at Defendant's Mobile, Alabama location.

17.	In or around August 2023, Plaintiff was informed, by Tammy Parks, African American Director of the South Alabama location, that there was an open position at the Moss Point, Mississippi location. Plaintiff was asked if she wanted to be transferred to this position. Plaintiff declined the offer as she liked her position in the Mobile office because the pay was better.

18.	After Plaintiff declined the transfer, Ms. Parks moved Plaintiff's office to the back of the building. Plaintiff's office was now away from everyone else in the building.

19.	Shortly thereafter, Parks began blaming Plaintiff for billing issues, including being late and not having the correct information. However, Plaintiff was not at fault for these billing issues. Another employee, Tasha Busby, African American Child Placement Coordinator, was responsible for providing Plaintiff with the information for the billing and Busby was always late in providing said information. In addition, Plaintiff was not informed of the correct information on the clients (children) to properly process for billing.

20. Because of the above billing issues, in January 2024, Plaintiff was informed that she was being demoted from her position as Office Manager to that of an Administrative Assistant. Plaintiff was demoted by Tammy Parks. Plaintiff was told she was being demoted due to billing issues; however, those billing issues were not Plaintiff's fault. The billing issues were the fault of a younger, African-American employee.

21. The other Administrative Assistant in the Mobile office, at the time, was Ms. Parks' mother, Lillie. Once Plaintiff was demoted, Ms. Parks informed her mother that she could read books during work hours. Thereby Ms. Parks did not complete any reports, documentation or office work. Instead, Plaintiff had to do everything herself and perform this work.

22. During this time, Plaintiff was the only Caucasian employee in the Mobile, Alabama location in a non-therapist role.

23. Approximately a month before Plaintiff was demoted, Jacquez Green, younger African American Office Manager, was promoted to the position of Program Director, and he was given a $10,000 raise by Ms. Parks.

24. Plaintiff had more experience than Green had for this position of Program Director; however, Parks did not notify anyone internally of the position nor was the position posted externally, which prevented Plaintiff from applying for

6

this promotion.  Plaintiff and Green were hired by Defendant within six months of each other, and Green had no prior experience.  Plaintiff had prior experience.

25. When Plaintiff asked Parks about the Program Director position and promotion, Parks stated "they were looking to hire younger people" for the position.

26. Once Green took the Office Manager position, he made frequent billing errors in the foster parent payments, and he was counseled by Ms. Parks for his errors.

27. On April 30, 2024, Mr. Green informed the Plaintiff that she was being laid off due to budget and financial misses.  Mr. Green gave Plaintiff her layoff documents and severance agreement.  Plaintiff was told the layoff was temporary; however, the paperwork provided to Plaintiff stated it was a permanent layoff.

28. On information and belief, no other employees were laid off during this time by Defendant, and Plaintiff was the only employee affected by the layoff at the Mobile location.

29. Furthermore, Defendant conducted a significant number of hirings in the months following Plaintiff's layoff.  At the Mobile, Alabama location alone, 15 positions were filled between the months of May 2024 and November 2024, with two of the positions being filled within the month of Plaintiff's layoff and one within the same week.

30. Plaintiff believes that she was laid off due to her race, Caucasian. African American employees with less experience and qualifications were retained at the time of Plaintiff's layoff.

31. Plaintiff believes that she was laid off due to her age, 64 at the time. Younger employees with less experience and qualifications were retained at the time of Plaintiff's layoff.

32. Throughout Plaintiff's employment with Defendant, she was discriminated against and treated differently in the terms and conditions of her employment because of her race.

33. Throughout Plaintiff's employment with Defendant, she was discriminated against and treated differently in the terms and conditions of her employment because of her age.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for reinstatement, lost back-pay, declaratory judgment, injunctive relief, and liquidated, compensatory and punitive damages is her only means of securing adequate relief.

35. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth.

# COUNT ONE

## DEMOTION AND LAYOFF BECAUSE OF RACE PURSUANT TO TITLE VII AND 42 U.S.C. §1981

36. Plaintiff adopts and re-alleges the factual allegations in paragraphs 1-35 above.

37. Plaintiff is Caucasian.

38. At the time of the discriminatory actions, Plaintiff was the only Caucasian employee in a non-therapist role employed at the Mobile, Alabama location of Defendant.

39. Defendant has a history of treating Caucasian employees differently and less favorably than African American employees.

40. Plaintiff was treated differently by Defendant in the terms and conditions of her employment because of her race.

41. Defendant's actions of demoting, failing to promote, and laying off Plaintiff were because of her race.

42. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional and mental distress, and other compensatory damages.

43. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

44. Defendant's actions were in violation of Title VII and 42 U.S.C. §1981.

45. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial by jury:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, and by 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981.

3. Enter an order requiring Defendant to make Plaintiff whole by awarding her reinstatement into all positions discriminatorily denied, back-pay plus interest, front-pay in lieu of instatement, compensatory and punitive damages and/or

nominal damages, declaratory and injunctive relief, attorney's fees, costs and expenses.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

## SECOND CAUSE OF ACTION: AGE DISCRIMINATION PURSUANT TO 29 U.S.C. §621 *et seq.*

46. Plaintiff re-alleges and incorporates by reference paragraph 1-35 above with the same force and effect as if fully set out in specific detail hereinbelow.

47. Plaintiff brings this claim for age discrimination pursuant to 29 U.S.C. §621, *et seq*.

48. Plaintiff is over the age of forty (40).

49. Based on the totality of the facts presented above in paragraphs 1-35, Plaintiff has been discriminated against because of her age in promotion, demotion, layoff, and other terms and conditions of employment. These facts include, but are not limited to, comments made by management and decision makers, the falsity of Defendant's reason(s) for Plaintiff's demotion, discipline, lost promotion, layoff, and evidence of preferential treatment given to employees that are younger than Plaintiff.

50. Defendant's proffered reasons for the discriminatory treatment of Plaintiff were pretext for age discrimination.

51. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

52. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

53. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, liquidated damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial by jury:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

3. Enter an order requiring Defendant to make Plaintiff whole by awarding her reinstatement to all positions discriminatorily denied, back-pay plus interest, front-pay in lieu of reinstatement, compensatory, liquidated damages and/or nominal damages, declaratory and injunctive relief, attorney's fees, costs and expenses.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ ***Candis A. McGowan***
Candis A. McGowan
Lacey K. Danley
Counsel for Plaintiff
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
cmcgowan@wigginschilds.com
ldanley@wigginschilds.com

**DEFENDANT'S ADDRESS:**

To be Served via certified mail
    Health Connect America, Inc.
    c/o Registered Agent
    CT Corporation System
    2 North Jackson Street, Suite 605
    Montgomery, Alabama 36104